# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 13-253V
Filed: September 15, 2017

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | | |
| WILLIAM RODRIGUEZ *and* | * | UNPUBLISHED |
| BRENDA RODRIGUEZ, *as the* | * | |
| *Parents and Natural Guardians of* | * | |
| C.R., *a Minor*, | * | |
| | * | |
| Petitioners, | * | |
| v. | * | Decision on Interim Attorneys' Fees and |
| | * | Costs |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * | | |

*Mark T. Sadaka, Esq.*, Mark T. Sadaka, LLC, Englewood, NJ, for petitioner.
*Linda S. Renzi, Esq.*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On April 9, 2013, William and Brenda Rodriguez ("Mr. Rodriguez" and "Mrs. Rodrigues" or "petitioners") filed a petition on behalf of their minor child, C.R., pursuant to the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 *et seq.*[2] ("Vaccine Act" or "the Program"). Petitioners allege that the Diphtheria-Tetanus-acellular Pertussis ("DTaP"), Polio ("IPV"), Measles-Mumps-Rubella ("MMR"), and Varicella vaccinations that C.R. received on August 30, 2011, caused him to suffer from juvenile dermatomyositis. ECF No. 1.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (1986). Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On August 7, 2017, petitioners' counsel, Mr. Mark Sadaka, filed a Motion for Interim Fees. ECF No. 110. Mr. Sadaka requests $65,085.45 in interim attorneys' fees and $18,999.14 in interim costs, for a total amount of $84,084.59. *Id*. at 17. For the reasons below, petitioners' motion is granted.

## I. Procedural History

Petitioners filed their petition on April 9, 2013, and filed medical records, and a statement of completion the following week. ECF Nos. 6-7. This case was originally assigned to Chief Special Master Dorsey.[3] Respondent filed a Rule 4 Report on July 3, 2013, stating that, based "[on] the existing record, petitioners have failed to provide preponderant evidence in support of their claim," and that respondent therefore "recommends that compensation be denied and the case be dismissed." Resp. Rule 4 Report, ECF No. 10.

On February 20, 2014, petitioners filed an expert report from Dr. Eric. M. Gershwin. ECF No. 19. Respondent filed an expert report from Dr. Carlos D. Rose on June 3, 2014. ECF No. 23. Petitioners filed additional medical records, a statement of completion, and a supplemental report from Dr. Gershwin on October 17, 2014. ECF Nos. 38-40. Respondent filed a supplemental report from Dr. Rose on November 6, 2014. ECF No. 41.

On July 8, 2015, the parties filed a Stipulation for Interim Fees and Costs. ECF No. 55. On July 9, 2015, the Chief Special Master issued a decision awarding interim fees and costs in the amount of $50,560.50 based on the parties' stipulation. Decision, ECF No. 56.

An entitlement hearing was held in May 2016. After the hearing the parties were encouraged to discuss settlement. A status conference was held on December 2, 2016, during which time the parties indicated that settlement of this matter did not appear feasible. The parties were then ordered to file post-hearing briefs. Order, issued Dec. 2, 2016, ECF No. 102.

Petitioners' post-hearing brief was filed on March 10, 2017, and respondent's post-hearing brief was filed the following month, on April 10, 2017. ECF Nos. 107-8.

On August 7, 2017, petitioners' counsel filed his second Motion for Interim Attorneys' Fees and Costs in which he stated that counsel has expended considerable fees and costs in this matter. ECF No. 110. On August 8, 2017, respondent filed a response to petitioner's Motion for Interim Fees that contained no specific objection to the amount requested or hours worked, but instead "respectfully recommend[ed] that the Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." ECF No. 111. Petitioner's motion for interim fees and costs is now ripe for decision.

---

[3] This case was reassigned to me on October 23, 2015. *See* Notice of Reassignment, ECF No. 63.

## II. Legal Framework

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1). Moreover, special masters have discretion to award interim fees while the litigation is ongoing if "the cost of litigation has imposed an undue hardship" and there is "a good faith basis for the claim." *Shaw v. Sec'y of Health & Humans Servs.*, 609 F.3d 1372, 1375 (Fed. Cir. 2010); *see Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). One instance in which interim fees have been awarded is when "the cost of litigation has imposed an undue hardship." *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372, 1375 (Fed. Cir. 2010); *see Davis v. Sec'y of Health & Human Servs.*, No. 15-277V, 2016 WL 3999784, at *4 (Fed. Cl. Spec. Mstr. July 5, 2016). Because petitioners' counsel has indicated that he has borne considerable fees and costs, *see* ECF No. 110 at 2, an award of interim fees and costs is appropriate in this case.

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera*, 515 F.3d at 1349. Under this approach, "an initial estimate of a reasonable attorneys' fees" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id.* at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id.*

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). This rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorneys' fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id.* This is known as the *Davis County* exception. *See Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (Fed. Cir. 2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)). For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has issued a fee schedule that updates the *McCulloch* rates to account for inflation in subsequent years.[4]

---

[4] This fee schedule is posted on the court's website. *See* Office of Special Masters, *Attorneys' Forum Hourly Rate Fee Schedule: 2015-2016*, http://www.uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf [hereinafter *Hourly Rate Fee Schedule*].

Once the applicable hourly rate is determined, it is applied to the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08-243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08-756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Moreover, the "application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine . . . whether the amount requested is reasonable," and an award of attorneys' fees may be reduced for "vagueness" in billing. *J.W. ex rel. Wilson v. Sec'y of Health & Human Servs.*, No. 15-1551V, 2017 WL 877278, at *4 (Fed. Cl. Spec. Mstr. Feb. 10, 2017).

It is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 728-29 (2011) (affirming special master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same). Ultimately, special masters have substantial discretion in awarding fees and costs, and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *See Broekelschen*, 102 Fed. Cl. at 729.

### III. Discussion

**A.    Reasonable Rate and Hours Expended**

Petitioners request $65,085.45 in attorneys' fees. ECF No 110. The requested hourly rates, *see id*. at 3, are consistent with the rates routinely paid to petitioners' counsel. *See, e.g.*, *Ladue v. Sec'y of Health & Human Servs.*, No. 12-553V, 2017 WL 2628169, at *5 (Fed. Cl. May 25, 2017); *Angell v. Sec'y of Health & Human Servs.*, No. 14-914V, 2017 WL 2417769, at *1 (Fed. Cl. May 10, 2017). Moreover, the number of hours expended in this case by petitioners' counsel up to this point appear to be reasonable. Therefore, the undersigned awards the requested attorneys' rates.

**B.     Reasonable Costs**

Petitioners request $18,899.14 in attorneys' costs. ECF No. 110-2. The requested costs consists of expert fees, costs associated with obtaining medical records, and travel expenses related to the hearing. The undersigned finds petitioners' requested costs to be reasonable.

### IV. Total Award Summary

Based on the foregoing, the undersigned **GRANTS** petitioners' motion for interim attorneys' fees and costs and awards **a lump sum of $84,084.59 in the form of a check payable jointly to petitioners and petitioners' counsel, Mark T. Sadaka, Esq.** The clerk shall enter judgment accordingly.[5]

**IT IS SO ORDERED.**

<u>**s/ Mindy Michaels Roth**</u>
Mindy Michaels Roth
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.